# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT E. PERDUE,
Plaintiff,

Case No. 1:14-cv-967

vs

Black, J.
Litkovitz, M.J.

OHIO STATE HIGHWAY PATROL, et al.,
Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against the Ohio State Highway Patrol (OSHP), an OSHP officer, four OSHP troopers, the Inspector General of Ohio, an SOCF employee and a correctional officer at Warren Correctional Institution (WCI). (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 12). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this § 1983 action against the following defendants: the OSHP; OSHP Officer Keith Fellure; the Inspector General of Ohio; OSHP troopers Alwine, Dean Hunter, McCall and "M. Manis"; WCI correctional officer Wolff; and Charlie Miller, an SOCF employee. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 12). The 47-page complaint, which contains both handwritten and typed pages interspersed with various exhibits, is rambling and extremely difficult to follow. Construing the complaint liberally, it appears that plaintiff is complaining about an incident that occurred on December 19, 2000, when he was an inmate at WCI and allegedly assaulted and subjected to "racial epithets" by defendant Wolff; the OSHP defendants' refusal to investigate the incident despite plaintiff's "multiple attempts" from December 2000 to the present time "to have the hate crime investigated" by the OSHP; the OSHP defendants' refusal to investigate "gang attacks/assault"

that allegedly occurred on June 2, 2012, April 28, 2013 and July 16, 2013; and the failure of the Inspector General of Ohio and "SOCF Institution Investigator" to investigate the December 2000 assault or "gang attacks" as requested by plaintiff in grievances and letters, which plaintiff claims has prevented the crimes that were committed against him from being prosecuted. (*See id.*, pp. 12-17, 28-29 at PAGEID#: 20-25, 36-37). As relief, plaintiff requests $160,000,000 in compensatory damages and $480,000,000 in punitive damages from the defendants. (*Id.*, p. 18, at PAGEID#: 26). He also requests any other "relief as is deemed just and equitable; including injunctive relief." (*Id.*).

Plaintiff's complaint is subject to dismissal at the screening stage for a variety of reasons. First, "Charlie Miller" and the OSHP should be dismissed as named defendants. Plaintiff has failed to state a claim against Miller, who is not mentioned in the substance of the complaint, in the absence of any factual allegations specifically directed against him. In addition, plaintiff has not stated an actionable claim against the OSHP because the state agency is not a "person" or legal entity that may be sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (affirming the state supreme court's ruling that neither the State Police nor the Director of the State Police in his official capacity could be sued under § 1983 for constitutional violations because they are not "persons" within the meaning of the statute). *Cf. Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). In any event, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant. *See Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th

Cir. 2012).

Second, to the extent that plaintiff complains about the failure of the individual OSHP defendants and Ohio's Inspector General to investigate the December 2000 assault incident or the gang attacks that occurred June 2, 2012, April 28, 2013 and July 16, 2013, he fails to state a claim upon which relief may be granted by this Court.[1] *Cf. Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002)) (in affirming screening dismissal of a prisoner's complaint alleging that state police had violated his constitutional rights by refusing to investigate numerous crimes committed against him by prison guards, the Sixth Circuit stated: "Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another."); *see also Harris v. Lengel*, Civ. Act. No. 09-15002, 2013 WL 1303379, at *3 (E.D. Mich. Feb. 8, 2013) (Report & Recommendation) (recommending dismissal of a female prisoner's claims against the prison inspector for failing to initiate a criminal investigation and bring criminal charges against another prisoner who had attacked her), *adopted*, 2013 WL 1285894, at *6 (E.D. Mich. Mar. 28, 2013).[2] To the extent that plaintiff has generally alleged that these defendants are part of a "conspiracy" to discriminate against him (*see* Doc. 1, Complaint, p. 9, at PAGEID#: 17), the claim based solely on the allegation that the defendants either refused or ignored his multiple requests for

---

1 It is noted that plaintiff has filed another action with this Court, in which he has alleged claims stemming from the same "gang attacks" against SOCF's Warden for failure to protect and deliberate indifference to his safety. *See Perdue v. Mohr, et al.*, Case No. 1:13-cv-878 (Barrett, J.; Litkovitz, M.J.) (Docs. 9-10). The Court has allowed plaintiff to proceed with those claims. *See id.* (Doc. 12). The case is currently pending before the Court for ruling on, among things, the parties' competing motions for summary judgment. *Id.* (Docs. 111, 115).

2 In *Harris*, although the district judge adopted the magistrate judge's recommendation to dismiss the claims against the prison inspector, other recommendations contained in the magistrate judge's Report and Recommendation were rejected. *See Harris v. Lengel*, Civ. Act. No. 09-15002, 2013 WL 1285894 (E.D. Mich. Mar. 28, 2013).

investigations is simply too conclusory to state a claim of a conspiracy to violate a right protected by § 1983. *See, e.g., Anderson v. Cnty. of Hamilton*, 780 F. Supp.2d 635, 643-44, 652 (S.D. Ohio 2011) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (dismissing conspiracy claims in the absence of factual allegations to support the inference that a single plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)) ("It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'"). *Cf. Jeter v. Ahmed*, No. 1:13cv244, 2013 WL 6157991, at *1, *3 (S.D. Ohio Nov. 25, 2013) (Weber, J.; Bowman, M.J.) (quoting *Alder v. Correctional Medical Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003)) (adopting recommendation to dismiss a prisoner's conspiracy claim at screening stage because (1) the plaintiff's conclusory allegation that the defendants "always rule in favor of the doctor" was "insufficient to state a civil conspiracy claim"; and (2) in any event, "[a]n alleged 'conspiracy' to unfairly deny inmate grievances would not state a conspiracy to deny any constitutional right, since the 'mere denial of a prisoner's grievance states no claim of constitutional dimension'").

Finally, to the extent that plaintiff seeks to bring claims against the defendants based on defendant Wolff's alleged assault of plaintiff at WCI in December 2000, plaintiff's claims are time-barred. Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil

rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America*, No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew

or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

Here, it is clear from the face of the complaint that the plaintiff was well aware of Wolff's alleged misconduct at the time the assault took place on December 19, 2000. Furthermore, plaintiff has alleged in the complaint that he began sending requests to the OSHP to investigate the matter as early as December 20, 2000. (*See* Doc. 1, Complaint, p. 14, at PAGEID#: 22). He, therefore, knew or, in the exercise of due diligence, had reason to know of the injuries which are the bases for his causes of action against the defendants several years, and certainly well over two years, before initiating the instant action fourteen years later in December 2014.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted by this Court. Therefore, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/15/15

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT E. PERDUE,
Plaintiff,

vs

OHIO STATE HIGHWAY PATROL, et al.,
Defendants.

Case No. 1:14-cv-967

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc